Thank you. Good afternoon. Please be seated. The next case up is People v. Witherspoon. That's 41505124. The appellant, Adrienne River, for the appellate David Robinson. You may proceed. Good afternoon, Your Honors, Counsel, Adrienne River on behalf of Marcellus Witherspoon from the Office of the State Appellate Defender. Your Honors, home invasion is an offense requiring an unwanted intrusion into a home, and the plain meaning of invasion is a hostile or forcible encroachment. So if a resident consents to the entry, then there's no invasion, and then therefore the entry is without authority. In this case, the trial court, after assessing the demeanor of the witness, made the determination that she had given Witherspoon implied consent to come back into the home. He relied specifically on the testimony that she said that he knew that he would return with her keys and her phone, and therefore that she was testifying that he had the authority to enter. Now, he had a bail order preventing him from entering the residence. That should have no effect on the complaining witness's authority as a tenant under the law to invite persons onto the property. Her authority does not derive from a court. It derives from her status as a tenant. Therefore, that order did not override her consent. Furthermore, there's nothing in the statute that provides that a person who receives such consent but is subject to a bail order preventing them, ordering them from not entering the property, that that constitutes lack of authority under the statute. In fact, the legislature has not defined the phrase without authority. After the Reed case, when an issue came up with a joint tenant who was subject to the order of protection, the legislature responded by including a definition of dwelling place of other. It did not add a definition of without authority to address an issue of order of protection against someone who is not a tenant. So your position is that her consent, which the trial judge found, trumps the court order telling the defendant to stay away and not to enter? Yeah, the way I would analyze it is, first of all, she was not subject to that order. Well, go ahead. I'm sorry. She's not subject to that order, and the purpose of having the element of without authority is to prevent people from invading your home without your consent. So if she allows someone to come in, it doesn't matter that he had an order from a court barring his entry. It all focuses on whether that intrusion happened. I think that's a plain meaning of invasion, and when you consider that plain meaning of the purpose of the statute, you have to interpret that phrase without authority in that way. Signing the Hall case from Oregon, you say that the alleged victim in this case was not a party to the order barring the defendant from the residence. That's correct. Is that important? Actually, I don't think it would be determinative even if she were obligated under that order not to allow Witherspoon in, because that's a separate issue from whether she has the right. Well, the reason I ask is she would be a party to the order if, for instance, instead of as a condition of a bail bond, let's assume she had sought an order of protection and the trial court issued an order of protection. Well, first I'd like to know if that order of protection indeed imposes an obligation on her not to allow him in. That's an interesting question. I've seen a lot of these, but I don't recall ever seeing one that says that. Right, I don't think so. But I would submit that even if it does do that, that is a separate issue from whether you as a homeowner or a tenant have the authority to invite somebody in. Well, let me decide whether the order says anything to her, because I don't think typically they do. Okay. She seeks an order of protection saying to Witherspoon, stay away from, don't come to my house and don't enter my house, and the trial court grants it. Now, if she is clearly a party to the court order, would that change how this court should look at it in your mind? No. I mean, I was going to say, even if she were obliged under that order, then the remedy or the proper result would be she would be brought to contempt. Right. Okay. But the reason I raise this is your argument in your brief, moreover, Liggett was not a party to the court order barring him from the residence, and the order therefore had no effect on her power as a tenant to invite people into the property, suggests that, gee, if she were, the analysis would be better. Well, I've thought about it since then. Okay. I've thought about it since then. I think that it makes it much more clear when she was not a party to the order. That's not the case here, but I think the analysis to be consistent, I actually think that even if there were an order of protection and she was an actual party to it, that doesn't end the analysis because of the purpose of the statute. Let's say that she knew he was nearby and she had some kind of emergency and she called him in to help, and then afterwards they had a disagreement and he hit her. Should that be home invasion because she chose then to waive the benefit of the order of protection? I don't think so. And also, I argue that even if there is some kind of ambiguity, we should be construing, obviously, the statute in favor of defendants, and the legislature has not addressed this by providing a definition of without authority. The state argues alternatively that if we find that because she consented, that that would trump the condition of bail bond, that we should alternatively consider whether or not the evidence was sufficient to sustain her conviction, notwithstanding what the trial judge said. Well, I think that's inappropriate. And I don't think that they cited any authority, giving this court the authority to affirm the judgment after you reject a factual finding, make the opposite factual finding. I mean, obviously, the appellate court can't retry the defendant. It hasn't cited authority for that. They cited Cunningham, which, of course, was a different procedural posture. The defendant had raised an appeal issue of whether he was proven guilty beyond a reasonable doubt, and then the state then appealed to the Illinois Supreme Court. But even if somehow that case is applicable, there's a standard of great deference. And here the trial court obviously saw the demeanor of the witness. You remember that he decided that she had not been raped. There was testimony that when he was in jail, the complaining witness sent him money. She spoke to him on the phone. She said at trial, I love him. So it's not unreasonable. It was not unreasonable for the trial court to make that finding, that given all these facts and observing her testimony, that she did. But that goes to the merits of our reviewing the record and deciding that the evidence was sufficient. Is it your position we shouldn't do that or we can't do that? What's your position on that? I'm sorry, could you repeat? Your remarks just went to the merits of the case. I'm raising the question of can we reach the merits of this. I think that this court has to decide the case based on the findings of the trial court. I don't think you can revisit the issue of whether there was consent. So you're saying even if we disagree with the trial court in its determination that she gave consent, that wouldn't have any impact on our decision because we don't really get to that issue? Is that your argument? Yeah, it's not appropriate for you to retry the case. So we could therefore, as I understand what you're saying, we could agree that her consent trumps the court order, disagree with the trial judge that she actually gave consent, and your client would still prevail. Did I say that? I think I stated that correctly. Is that your position? My position is that this court cannot overturn the factual finding that she gave implicit consent, and then the legal issue is if that consent trumps the order, and does it deprive him of the authority under the statute? When you say cannot, there could be two possible meanings. Cannot in the sense of the record doesn't support it, or cannot in the sense that the law doesn't permit it. Which one do you mean? Both. Both? Of course, both. Ask the state. I looked. I could not find a case where this argument was upheld that the court had the authority. But even if you could, I think under the standard of great deference to factual findings, and after all this is a finding based on her mental state, her intentions. You know, we're reading it in a cold transcript. I don't see how you could find that, you know, no reasonable fact finder could have found that she had not given implicit consent. Well, she simply said, I expected him to come back. Is that consent? I mean, is that enough for the court to find that she consented? Well, he took her keys, and she went to bed figuring he was going to return them. And I think that that is a reasonable inference to be made, considering the kind of relationship they had. And it's under the great deference standard that should not be put aside. You just said something kind of interesting, which shows what a peculiar case this is. You suggested that when we consider whether or not the trial court was correct, we have to decide whether or not a reasonable prior fact could conclude that she consented. Well, I don't think you get to that point. That's kind of my old theory. No, I know. But just leaving that aside for a moment, normally if the question is, is the evidence sufficient to convict, the standard of review would be, could any reasonable juror conclude, based on this record, beyond a reasonable doubt that the state had met its burden. But here, when you're asking us to review what amounts to an acquittal or finding of not guilty of the trial court on this element, short of the legal issue, does the same standard apply? This seems to be kind of odd. Yeah, I think it's odd because the state is trying to evade the rule, prohibiting it from appealing an acquittal. Basically it's saying, affirm the conviction, but on a different basis. I mean, generally the rule is when you affirm on any basis in the record, it's some other finding that the court made. But here their argument is based on the assertion that a factual finding made by the court was incorrect. Did you find any case along those lines? No, I tried, really tried. So the question I always like to ask is, we'd be the first? Yeah, I hope we can make some law today. Well, does that sound like possible double jeopardy to you? Because I don't really think you argued that in your brief. Well, I mean, the state isn't asking for relief that would result in a new trial. But I would have to do more research. Well, the idea would be is that we're making a new factual finding, almost like a trial court. Right, yeah. It seems like there's a parallel there. Yeah, and I think that's similar and inappropriate. I mean, the federal court should not be retrying the case. Any other questions? I'll save a couple minutes for rebuttal. I don't see any, and you will have rebuttals. All right, so Mr. Robinson, your turn. Please record, counsel. I think counsel's in the right town for making law, but she's in the wrong building. This case couldn't be worse. On one hand, I'm going to talk about statutory interpretation, and on the other hand, I'm going to talk about property law. I think that's what this case is about. I understand Your Honor's concerns about the posture for review in this case. I think it's something akin to determining what the court actually meant by consent, not about whether you're overturning a determination that the court made about how they viewed the witness. And so if time permits, I'll get to that, but I don't think this court will need to answer the question once I go through statutory interpretation. I'm fairly confident of that. Defendant was convicted under 19-6A2. The court relying on subsection D for the definition of a dwelling place of another. Here's what the statute says, and I'm sort of paraphrasing to fit the scenario in this case. A person commits home invasion when, without authority, he knowingly enters the dwelling place of another, subsection 2, and intentionally causes any injury, except as provided in subsection A-5, to a person or persons within the dwelling place.  Was this other court order sufficient to more or less trump what the court viewed to be, for the sake of argument, her consent? So, as a last resort, I read the statute. Subsection D, for purposes of this section, dwelling place of another includes a dwelling place where the defendant maintains a tenancy interest, but from which the defendant has been barred by divorce decree, judgment of dissolution of marriage, order of protection, or other court order. Clearly, we have another court order here. So, I'm an inquisitive guy, and I'm not real bright, so I had to look up what a tenancy interest was. A tenancy, to harken back to the bar exam, because nobody practices property law, could be a leasehold estate, a mere occupancy, a fee simple, traditional fee simple, you have a classic interest in it, or a status as an invitee in tort law. Obviously, the legislature knows what these terms mean, or at least were supposed to operate under the legal fiction that they do. Justice Appleton is smiling. They should know this. So, that's the first part. Clearly, at best, under this argument, he's an invitee. She says, sure, come on back. Notice one of the things that counsel probably was inadvertent, but it struck me. She said that he was returning with her keys. No, no, no. He was returning with her keys and phone. He had taken her car keys and her telephone. Now, all of the members of this panel have a lot more experience in the criminal justice system than I have, but in a domestic violence case, those facts mean something in this scenario, about how valuable that consent is to return when this victim has been the victim of the actions of this defendant, and he has now removed her mode of communication and transportation. So, that's number one. So, the second part is, remember, we're talking about a tenancy interest. The second part is interest. What is an interest? In the law, an interest is a classic right. So, here's what I think the defendant maintains a tenancy interest means in that statute. In this context, his right, his interest, as an invitee, but from which he is barred by other court order. And the reason that this makes sense, and I see you furrowing your brows, so let me be more explicit. I think what the legislature is saying here, in this context, his interest is that of an invitee. So, she's invited him in, and he has a right to be there because she invited him in. The legislature has clearly contemplated this. And they said, barring that, if there's a court order, it doesn't matter. And what I'm about to tell you is exactly what convinced me that this is what the legislature was thinking. Clearly, and I think your next case up is a domestic case, a divorce case, so this should be fresh on your plate. Barred by a divorce decree, right? So, if this defendant had actually owned this residence by tenancy by the entirety, for example. Just say the most interest he could possibly have in it. Tenancy by entirety with this victim. They went to court and he got a court order. He received a court order saying he could not be there, even though he owned an interest in that property. And she said, you know what, for the sake of the kids, come on in and get your stuff. Subsection of E says that's still home invasion. Why? Because the policy underlying this is clearly that they understand the dynamic in these types of relationships. Even in an amicable divorce, where the court says there's a decree, you're not supposed to go there, you have to go there a certain time. So, how possibly could the guy who owns a partial interest through tenancy by the entirety or tenancy in common be subject to this law, but someone who doesn't isn't covered by this? It doesn't make sense. That can't be the policy of the legislature. One of the things that... Well, if I understand correctly, then it's your position that, leaving aside the findings made by the trial judge and consent, but were she standing at the door and saw this guy drive by and said, come on in, Marcellus, that he's now committed home invasion because that would be an entry without authority, assuming he did some bad stuff thereafter. Right, and the bad stuff thereafter is the real caveat. Well, no, actually it isn't. This is kind of like a burglary case where the question is, did he knowingly and without authority enter with the intent to do stuff? The first question is, can Ford deal with what he did afterwards or even if he intended to do this other bad stuff, did he enter without authority? That's an element of the events of burglary. And similarly, with regard to home invasion, the first part of it is when without authority, he or she knowingly enters the dwelling. So focusing on that, and then things happen, focusing on that, if the police were to arrest him and say, wait a minute, she said, come on in, she consented to my entry, it's your position that that consent under those circumstances would be invalid. It is because he's presumed to know the law, and the law is he can't go there if there's another court order. Because under their argument, maybe it's not as explicit or clear. Well, he can't go there. It's a violation of the order. It would be a violation of the order of protection. But the question is, does it constitute, does that trump her consent for purposes of the home invasion statute without authority? Your Honor, with all due respect, it sure does when he starts pounding her thereafter. Right? What if he didn't? What if he? Then he's just violated the order of protection. Then it's not home invasion. There's an element missing. You mean it depends on what he does afterwards as to whether the entered without authority element applies? Absolutely. I don't understand how that works. Absolutely true. That's subsection two. That's why, because what you're outlining, Justice Steidman, is part A. He enters, and one of the things they talk about in there is if you're pretending to be someone from the telecommunications company or you sort of, you gain entry under some false premise, you still haven't completed the crime. You then have to also do one, two, three, or four. Right? And in this case, he did number two. So you can cross the threshold pertaining to be a guy from the telephone company, and you might have trespassed because you lied about that, but you're not guilty of this, not until you pound on her. Well, but under, I think, the case law pertaining to home invasion, if you entered on a false premise, I'm from the gas company or whatever to here to inspect if we get a report of a false leak, your claim that you did not enter without authority wouldn't be very successful because without authority would cover entering under a false premise, wouldn't it? Whatever you did afterwards. That's clearly, she said, come on in, but that's based on a false premise of who you are. I think where we're passing each other is you are thinking of authority in other contexts where she's saying, yeah, sure, that's why I pointed out the terminology they used is he has a tendency interest in it. So let's just modify the facts of this case ever so slightly. Let's just say that they had a previous agreement as leaseholders. They both signed the lease to this residence. Can he just come there and cross the threshold with a court order that says you can't? That's an excellent point. But what makes this case different is that without the case, we have a court order and everything, then he can't do it. But there she is saying, come on in. Why doesn't that trump the court order? Because she doesn't have authority to give that authority, to provide that authority. She may have the common law authority to say, come on in, for the purposes of fixing her garbage disposal. This is based on the definition of tendency by what? Based on tendency interest. Based on tendency interest because it cannot have been the policy of the legislature. As absurd as some of the statutes are, it cannot be in this context. And again, I have not drawn on the legislative history because that can often be sketchy and seniorly driven. But clearly, following the Supreme Court case that cited, I believe it's People v. Reed in the briefs, the legislature modified the statute to change the definition of dwelling place to cover things like this. So how can it possibly be that if we had a situation where this was part of a divorce decree, where both of these people owned an interest in this property, that that guy would be guilty of home invasion? Or smacking around his ex-wife? Demonstrates that the Reed case, if you've got an interest, you can enter. Therefore, it's not without authority. So they changed the statute so merely having an interest, you're now entering and she's there. If there's a court order, then stay out. But in that case, he has two things. Here he has one. Two things. He has a property interest and permission from the wife. Here, he only has one. Permission from the girlfriend. In Howard v. Reed, there was no permission. But I'm saying I'm operating the theoretical. I'm saying even assuming that in those cases he gave permission, they're just dealing with the property interest. That's why I'm saying this can't have been the intent of the legislature to let a guy like this not be subject to home invasion if the ex-husband who merely has a property interest and doesn't even have permission. Mr. Robinson, it seems to me the legislature could have easily covered what you're suggesting by drafting the home invasion statute like the residential burglary statute, which covers an unlawful entry or remaining within the premises. They didn't include that language in home invasion. They didn't need to, Your Honor. They didn't? I'm sorry. No, go ahead. They didn't need to because that's why they used this particular language, tenancy interest. And I challenge you to go and find another place where they've used this type of terminology. My sense is they thought this was the most broad and encompassing way to talk about any particular interest you could have in it. Where does the tenancy interest, where does that appear, you were saying? Subsection D under the definition of dwelling place where it says dwelling place where the defendant maintains a tenancy interest but from which the defendant has been barred by court order. So his interest in this case became effective immediately when she says, come on back and bring me my keys and phone. So now he's got that interest. He's got that tenancy interest. Just like the husband would have way back when they had a closing on the house. I think this is clearly what the legislature did by using this product. I'm not aware of any other instance where the law would not permit the owner, the occupant, the tenant, whatever you want to call the victim in this case, where the law would not permit her to consent to the entry of someone she wishes to consent to the entry of. And it seems to me that's a pretty significant step. And it's one where, again, my favorite line, will we be the first court to so hold? It seems to me we would. I don't know of any other instance or court that has ever held. You may be the sovereign in your home for most things, including this, which is pretty basic. But if there's a court order saying to Marcellus Witherspoon he shouldn't come by or enter, under no circumstances can you permit him entry. He's going to be committing the offense of, and plus telling him that, which is also kind of interesting. Because we have no reason to think he relied upon that in this case. But let's assume he's a cum laude graduate of the Menard School of Law, which he might very well be with his record. And he says, hey, she's saying come on in. Good enough here. I'm just going to, can't be home invasion anymore because I'm entering with authority. Well, ignorance of the law is not a defense. And I appreciate Your Honor's position. I'm as libertarian as the next person. My point is you're not stopping this person any more than you're stopping her. Let's just say they had a bail revocation hearing based on her letting him in the house. There's no question that the court would say, yeah, you violated the terms of your bail. You're not supposed to go there. Does that somehow undermine her ability to let him in? It's just this statute with this particular language. Because if he were to be charged with this has been an order of protection, you violated the order, you went there, there would be no defense for him to say, well, you went there and she let me in. But the key is, the key to that is the crime, this crime that he was convicted of is not completed until he pounds on her. Until he commits that other element of the crime. I don't understand why the completion of that other element affects this primary element. It does because what they're saying is as a matter of law, they're saying that as a matter of common law or everyday practice, if she wants to let him come in the house and where she doesn't have legal authority to do it, maybe she lets him speed down the interstate. This happens all the time. But the fact is, she does not have the legal authority because there's a court order in place to allow him in under the terms of the statute. Are there any other instances you can think of where a homeowner would not have the legal authority to consent to the entry of a third party? Oh, absolutely. Every single one of the ones that they mention under subsection D. The divorce decree that I just provided you. No, no, no. That's where the homeowner is standing in the doorway and saying, come on in. No, but even if they don't, if the wife stands there and says, that doesn't change the terms of the court order. So if the wife is standing at the threshold of the door and says, no, you can't come in. I hate you and I hate your whole family. Stay away. And he comes in, that doesn't impact the terms of whether she has authority to grant it or not. The court order exists. But that's a court order directed from the court to him. She's not part of it. Whereas, as the homeowner, it's her home. She's the sovereign of her home. She's not part of it. She's not the judge. Right, but in more ways, Your Honor, that gives the married party more standing than this defendant has to say that I can come in there. The whole point of these. She says she doesn't have the authority to allow the entry. What if she doesn't even know about the court order? Still can't let somebody in? She can let them in as a practical matter. But under the law, she does not have the ability to give him the authority to enter as a legal construct. Not as a practical one. If he wants to come in and violate the terms of his bond, go to town. Maybe they're having a barbecue. But once he's in there, and they violated it, and he starts to commit these other bad acts. Well, that's why I was referring to the residential burglary statute. It could have just been drafted that she gave him permission to come in. Everything's okay. But then when he starts beating on her, that is no longer permission to stay in the premises. They included that type of language in the residential burglary statute. They did not put it in the home invasion statute. I see that my time has expired. May I address that very briefly? Yes. They could have. And I'm happy to draft a letter to the legislature on the conclusion of the affirmance of this case. But the fact is, they provided a very broad construct under tenancy interest. And I'll leave it at that. Okay. Thank you. Is there any rebuttal? Okay. First of all, the argument that under D, tenancy includes invitee has not been raised before. It's kind of unfair to be raising it now. Also, it's been a while since I've had a real property class, but I would dispute that a tenancy would include an invitee. Furthermore, when you look at D, all subsection D does is define dwelling place of another. It's not the end of the analysis. You still have to decide whether someone had the authority. D was passed for that situation where the person who was subject to the order of protection had some kind of tenancy interest. They owned it. They were the husband, or they rented together. That was a response to read. So it's very misleading to think, well, tenancy, invitee, we're done. We're not done. That is just a definition of place of another. I submit, even if you did have a joint tenancy and order of protection, and you came into the house in violation of that order of protection, if the owner or the tenant, whoever it is, the wife, whatever, gives consent, that's still not home invasion. So there isn't this unfair situation of, well, we're treating husbands differently than a guy here. No, it's because the same analysis, it all comes down to the consent, and the analysis does not stop with what is a dwelling place of another. Any other questions? I see none. Thanks to both of you. The case is submitted. The court stands in recess.